JOSEPH E. CLOUGH and others *vs.* WILLIAM M. CLOUGH.

Knox.   Opinion May 29, 1882.

*Deed.*

If one acknowledges and delivers a deed to which his name has been affixed
by the grantee, the deed is valid.   The acknowledgment and delivery are acts
of recognition and adoption so distinct and emphatic, that the grantor will
not be allowed to deny that the signature is his.   The deed is not sustained
on the ground of agency or ratification, but of adoption.

ON REPORT.

Writ of entry, dated September 3, 1880.

Plea, general issue.

At the trial the defendant offered in evidence the deed of John
Clough to him.   The plaintiffs objected to the deed upon the
ground that it was not properly executed.   For the purposes of
this trial it was admitted that the name of the grantor in the deed
was signed by the grantee, at the grantor's request and in his
presence, and that the grantor personally acknowledged the deed,
and that it was duly delivered to the defendant.   The case was
then submitted to the law court.   If such a deed is valid in law,
the case is to stand for trial; if not, default is to be entered.

*A. P. Gould*, for the plaintiffs, contended that when one per-
son writes the name of another at his request, he does it as
agent.

Thus if A writes B's name to a deed, to assert that because B
is present, giving personal and verbal authority to A, A becomes
B, that it is B's own act precisely as if no person was acting but
himself, and no act of agency is done, is too transparent a
sophism to be adopted by a court of law.

The grantee cannot take the acknowledgment of the grantor.
*Beaman* v. *Whitney*, 20 Maine, 413; *Gibson* v. *Norway Sav-
ings Bank*, 69 Maine, 579.

How vastly more important that the signature of the grantor
should be affixed by a disinterested person.   A deed is good

without acknowledgment, that being required simply before recording. See Wash. Real Prop. (2 ed.) 601, (575.)

To allow the grantee to act as agent of the grantor in executing the deed, would be a violation of one of the cardinal rules of the law of agency.

*C. E. Littlefield,* for the defendant, cited: *Bird* v. *Decker,* 64 Maine, 552; *Lovejoy* v. *Richardson,* 68 Maine, 386; *Bartlett* v. *Drake,* 100 Mass. 174; *Holbrook* v. *Chamberlain,* 116 Mass. 155; *Wellington* v. *Jackson,* 121 Mass. 159; *Allum* v. *Perry,* 68 Maine, 234; *Wood* v. *Goodridge,* 6 Cush. 117; 3 Wash. Real Prop. 120.

WALTON, J. The only question is whether a deed can be made valid by subsequent acknowledgment and delivery, when the name of the grantor has been signed to it by the grantee. We think it can.

If one acknowledges and delivers a deed which has his name and a seal affixed to it, the deed is valid. No matter by whom the name and seal were affixed. No matter whether with or without the grantor's consent. The acknowledgment and delivery are acts of recognition and adoption, so distinct and emphatic, that they will preclude the grantor from afterward denying that the signing and sealing were also his acts. They are his by adoption. Without delivery the instrument has no validity. By force of our statutes the instrument is incomplete without acknowledgment. Till one or both of these acts are performed the instrument has no more validity than a blank deed. By taking the instrument in this incomplete condition and completing it, the grantor makes it his deed in all its particulars. He adopts the signature and the seal the same as he does the habendum and the covenants which were inserted by the printer of the blank. The deed is not sustained on the ground of ratification, but adoption. Ratification applies to agency. No question of agency arises in this class of cases. The validity of the deed cannot rest upon the ground of agency or ratification. If such were the case the authority or the ratification would have to be by instrument under seal; for authority or ratification must be of as high a character as the act to be performed or ratified. If the

act is the execution of a sealed instrument, it must be authorized or ratified by a sealed instrument. We therefore repeat that the validity of the instrument in this class of cases does not rest on agency or ratification, but on adoption. No matter by whom the signing and sealing were performed, nor whether with or without the grantor's consent. By completing the instrument, he adopts what had previously been done to it, and makes it his in all its particulars.

It is not often important to notice this distinction; but it is important in this case in order to avoid the apparent absurdity of holding that an agent can contract with himself, can be both grantor and grantee. An agent cannot contract with himself. He cannot as agent for the grantor execute a deed to himself. But he can prepare a deed running to himself, even to the signing and sealing, and if the grantor then adopts the deed by personally acknowledging and delivering it, it will be a legal and valid instrument. But its validity rests upon the ground of adoption, not agency or ratification. And when the word "ratified" or "ratification" is used in this class of cases, as it often is, it will be found on careful examination that it is used in the sense of "adopted" or "adoption," and not in the technical sense in which it is used in the law of agency. *Bartlett* v. *Drake*, 100 Mass. 174; Story on Agency, § § 49 and 252; *Lovejoy* v. *Richardson*, 68 Maine, 386, and cases there cited.

*Action to stand for trial.*

APPLETON, C. J., BARROWS, DANFORTH and VIRGIN, JJ., concurred.