**R. T. STARK, Jr. and wife, Georgia Stark, Appellants,**

v.

**Morris MORGAN and wife, Callie Morgan, Appellees.**

No. 20273.

Court of Civil Appeals of Texas, Dallas.

May 16, 1980.

Rehearing Denied June 10, 1980.

Nathan K. Griffin, Law Offices of Marvin Thomas, Dallas, for appellants.

James R. Caton, McKinney, for appellees.

Before ROBERTSON, CARVER and HUMPHREYS, JJ.

ROBERTSON, Justice.

This is an appeal from a summary judgment. Appellants, R. T. Stark, Jr. and Georgia Stark, filed a trespass to try title action against appellees, Morris and Callie Morgan, seeking to establish title to two parcels of land. Alternatively, the Starks sought to show that they were entitled to easements over both pieces of property. The Morgans answered with a plea of not guilty, a general denial, and an affirmative defense of limitations. They also filed a counterclaim to quiet title to the tracts of land in question. Both parties filed motions for summary judgment. The trial court granted the Morgans' motion for summary judgment and a final judgment was entered establishing title in them and denying all of the Starks' claims and their motion for summary judgment.

On this appeal the Starks basically raise five reasons why the action of the trial court was erroneous: (1) because the deed from the common grantor, R. K. Hill, to the Morgans is ambiguous; (2) because a fact question exists regarding whether the Morgans had continually possessed or used the property for the limitations period; (3) because an easement by express grant exists over tract one; (4) because an easement by implication exists over tracts one and two;

(5) because an easement by prescription exists over tract two. We overrule all of the Starks' points of error except those relating to the theory of easement by express grant. Accordingly, we reverse and remand as to this theory, but otherwise affirm the summary judgment rendered by the trial court.

R. K. Hill was the original owner of a 2.68 acre tract, the northern portion of which is detailed on the diagram below.

This tract is located in Collin County, Texas, and is bounded by State Highway 289 on the east, by State Farm to Market Road 720 on the north, and by the old location of State Highway 289 on the west. In 1954 Hill sold the cross-hatched area on the diagram to the State of Texas to use as a drainage ditch. On October 7, 1955, the Starks purchased their 0.32 acres from Hill. The next day, R. T. Stark and R. K. Hill signed an agreement concerning a thirty-foot easement as shown by the double-dotted line on the diagram, across the entire north side of Hill's tract. This document was not recorded until 1965, when it was filed in the Miscellaneous Records of Collin County.

Shortly after the Starks purchased this property, they sought and obtained permission to construct an approach to new State

Highway 289 for vehicles to have direct access from that highway to the restaurant on their property. They constructed this approach and graveled the easement over tract one. Moreover, they began to use both tracts one and two as a driveway and parking lot and continued to use this property for these purposes until 1977.

The Morgans purchased approximately 2.25 acres from Hill in 1959, as outlined on the diagram by a double line. The property description contained in the Morgans' deed includes not only tracts one and two, but also a part of the drainage ditch owned by the State. The final transaction in this case occurred when Hill's widow conveyed "the remainder" of Hill's original 2.68 acres to the Starks in 1970.

The Starks sought a temporary restraining order, temporary injunction, permanent injunction, and also to quiet title after the Morgans began to build a fence across the property in dispute. A temporary injunction was granted, but at the permanent injunction and trespass to try title hearing, the trial court granted summary judgment for the Morgans, quieting title and denying all of the Starks' claims.

## CONSTRUCTION OF DEED TO MORGANS

The descriptive portion of the deed from the Hills to the Morgans is as follows:

SITUATED in Collin County, Texas, being a part of the George McNeil Survey, and being a part of 2.68 acres of land conveyed by H. H. Cunningham, et ux to R. K. Hill by Deed recorded in V. 396, P. 406, of the Deed Records of Collin County, Texas;

BEGINNING at a stk. in the E right of way line of the old location of State Highway 289, said stk. being in the SW cor. of a lot of land conveyed by R. K. Hill to R. T. Stark, Jr., by Deed recorded in V. 505, P. 216, of the Deed Records of Collin County, Texas;

THENCE S with the E right of way line of the old location of said highway and the W line of the above mentioned 2.68 acre tract to the NW cor. of a 0.06 acre

tract of land conveyed by R. K. Hill to the City of Frisco by Deed recorded in V. 523, P. 432, of the Deed Records of Collin County, Texas;

THENCE E with the north line of said 0.06 acre tract to its NE cor., a stk., said stk. being in the W right of way line of the new location of State Highway 289;

THENCE NORTHEASTERLY with the W right of way line of said highway and the E line of the above mentioned 2.68 acre tract *to a stk. therein, 25 ft. S of its NE cor.* ;

*THENCE NORTHWESTERLY parallel to and 25 ft. SW of the NE line of said 2.68 acre tract to a stk. 25 ft. S of the most northerly cor. thereof* ;

*THENCE SOUTHWESTERLY parallel to and 25 ft. SE of the NW line of said 2.68 to a stk. in the E line of the above mentioned lot or land conveyed to R. T. Stark, Jr.;*

THENCE S with the E line of said lot conveyed to R. T. Stark, Jr. to the SE cor. thereof;

THENCE W 100 ft. to the place of beginning and containing 2.25 acres of land, more or less.

(Emphasis added). The Starks contend that this description includes property not owned by the Hills at the time of the conveyance because a portion of that land described was included in the prior conveyance from Hill to the State of Texas for a highway right of way. They argue that this creates an ambiguity in the deed that cannot be resolved without reference to extrinsic evidence, and consequently, a fact question exists, precluding summary judgment. *Dixon v. Shirley*, 558 S.W.2d 112, 115 (Tex. Civ.App.—Corpus Christi 1977, writ ref'd n. r. e.). The Morgans contend that no ambiguity existed in the instrument, that the Starks were not proper parties to request reformation of a deed to which they were not party, and that the Starks neither pleaded nor proved the elements necessary for reformation of an instrument.

We conclude that no ambiguity existed in this deed. In construing a writ-

ten agreement the intention of the parties is to be given effect. This intent, however, "is not the intention which the parties may have had, but failed to express in the instrument, but [rather] is the intention which by said instrument they did express. The question is not what the parties meant to say but the meaning of what they did say." *Young v. De la Garza*, 368 S.W.2d 667, 670 (Tex.Civ.App.—Dallas 1963, no writ). The description in the deed from Hill to Morgan is clear and the calls in it do not conflict. Thus, no patent ambiguity exists in the deed. Stark's contention is that the twenty-five foot strip left by the deed was intended to reserve out of the conveyance the easement previously allowed Stark, as evidenced by the agreement ·between Stark and Hill. To arrive at this conclusion, however, one must refer to extrinsic evidence, which is specifically prohibited by the above quoted rule.

■ The Starks' other contention is that the inclusion of a portion of the State's right-of-way in the description creates an ambiguity. We disagree. The inclusion of land to which Hill no longer had title did not create an ambiguity; rather the deed was simply ineffective as to that portion of the description. *United States Fidelity & Guaranty Co. v. Carr*, 242 S.W.2d 224, 226 (Tex.Civ.App.—San Antonio 1951, writ ref'd). Because the description within the Morgan deed is clear and complete and because no ambiguity or hint of a nonexpressed intent arises without reference to extrinsic evidence, we conclude that the Morgan deed was effective to convey all of the disputed property. We therefore need not address the Morgans' other contentions. Accordingly, the Morgans' motion for summary judgment was properly granted on this point.

## LIMITATIONS

The Starks contend that the trial court erred in granting the Morgans' motion for summary judgment because the Morgans failed to establish their claim that the statute of limitations barred this suit. The Morgans' motion for summary judgment does not specifically mention limitations, but does refer to their earlier pleadings in which limitations was raised as a defensive matter. We need not decide whether this reference was sufficient to constitute limitations as a ground for the summary judgment because the Morgans effectively concede that it was not a ground. They, therefore, contend that they had no duty to establish it as a matter of law to obtain a summary judgment on their other grounds. We agree.

■ A motion for summary judgment may be granted on any ground included in the motion that, when established by proper summary judgment evidence, shows that the movant is entitled to judgment as a matter of law. While a defendant may do this by establishing his affirmative defenses as a matter of law, he may also do it by showing as a matter of law that the plaintiff cannot establish his case. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979); *Swilley v. Hughes*, 488 S.W.2d 64, 67 (Tex.1972). Thus, the Morgans' failure to establish as a matter of law the limitations claim included in their answer is not grounds for declaring the action of the trial court erroneous. The Starks' second point of error is overruled.

## EASEMENT BY EXPRESS GRANT

In their third, fourth, and fifth points of error the Starks contend that they had an agreement with Hill which created an express easement over tract one as a matter of law and that a fact question existed regarding whether the Morgans had notice of this easement by express grant when they purchased their property. The Morgans respond that the agreement between Hill and the Starks did not create an easement by express grant and that the question of notice is not pertinent because whether an easement by express grant existed was a question of law for the court.

■ Regarding the agreement between Hill and the Starks, the Morgans contend that it was not included in the summary judgment evidence. The Starks' motion for

summary judgment specifically stated that it was based on, among other evidence, all the exhibits offered at a prior temporary injunction hearing in this case. The Morgans argued that, although the agreement in question was offered at that prior hearing, it was not introduced into evidence. This argument has no relevance. Exhibits on file with a court may be employed as summary judgment evidence by proper reference to them in the motion for summary judgment. *See* Tex.R.Civ.P. 166–A. Had the reference in the Starks' motion been limited to exhibits *admitted into evidence* at the prior hearing, the Morgans' argument would require further examination. Since the reference in the Starks' motion was to exhibits *offered*, however, and no argument is made that the agreement in question was not offered at the prior hearing, we conclude that the agreement was before the trial court for the purposes of the hearing on the motion for summary judgment.

The Morgans' contention that no easement by express grant existed is based primarily upon the sufficiency of the description of the easement contained in the agreement. The agreement between Stark and Hill reads as follows:

*Agreement*

R. K. Hill and R. T. Stark, Jr. We the above signed parties fully agree to maintain and keep open a thirty foot driveway around the entire north front of said 2.68 acres of land owned by R. K. Hill.

Signed /s/ R. K. Hill

Signed /s/ R. T. Stark

Witnesses /s/ R. Houn

This the 8th day of October 1955

Sealed and Signed by both parties the owners of said property.

The pertinent law in this regard was stated as follows: "The rule relating to the sufficiency of descriptions of easements is the same as that required in conveyances of land. The description requires a certainty such that a surveyor can go upon the land and locate the easement from such description." *Vrabel v. Donahoe Creek Watershed Authority*, 545 S.W.2d 53, 54 (Tex.Civ.App.

—Austin 1976, no writ) (citations omitted). The Starks contend that the description contained in their agreement with Hill is sufficiently certain to allow a party familiar with the locality to identify the premises.

■ The failure of the parties to specifically indicate in which county and state the "land owned by R. K. Hill" is located may be cured by inference from the place of filing and recording of the instrument (indicated on the reverse side of this instrument). *Easterling v. Simmons*, 293 S.W. 690, 692 (Tex.Civ.App.—Waco 1927, writ ref'd). Likewise, the misstatement of acreage owned by Hill is not determinative because it constitutes mere surplusage if a sufficient description remains to identify the land involved. *Id.* at 693. A recital of ownership in a deed has been held to be a proper element of description if, together with other elements, it serves as a means to identify the land with reasonable certainty. *Broaddus v. Grout*, 152 Tex. 398, 402, 258 S.W.2d 308, 310 (1953). Also, reference to extrinsic evidence is allowed if it is necessary to establish that the grantor owned only one tract fitting the description. *Pickett v. Bishop*, 148 Tex. 207, 210, 223 S.W.2d 222, 223–24 (1949); *Sanderson v. Sanderson*, 130 Tex. 264, 267–68, 109 S.W.2d 744, 747 (1937).

■ Accordingly, we conclude that the description is sufficiently certain if it can be shown that Hill owned only one tract of land in Collin County. The "thirty foot driveway around the entire north front" is an adequate description if the land owned by Hill can be ascertained. *See* 4 F. Lange, Land Titles § 382, at 167 (Texas Practice 1961). Neither party, however, has introduced evidence regarding Hill's ownership of other property in Collin County and consequently, summary judgment on the basis of an express grant in favor of either party was improper.

The Starks also contend that a fact question exists regarding whether, when they purchased their property, the Morgans had notice of the easement by express grant

over tract one. Since the Morgans contest the relevance of this factor, it is likely to arise again at trial. We therefore address this contention.

■ An agreement between adjoining landowners to create an easement across the land of one of the landowners is, by itself, effective only between those two landowners. *See Pokorny v. Yudin*, 188 S.W.2d 185, 193 (Tex.Civ.App.—El Paso 1945, no writ). In order to allow such agreements to be effective against others, the State of Texas has provided for recording of them among the deed records, thus providing constructive notice to subsequent purchasers. *See* Tex.Rev.Civ.Stat.Ann. art. 6646 (Vernon 1969). If such an agreement is not properly recorded, notice of its existence must be communicated in some other manner. *See Woodward v. Ortiz*, 150 Tex. 75, 79, 237 S.W.2d 286, 289 (1951); *Flack v. First National Bank*, 148 Tex. 495, 499–501, 226 S.W.2d 628, 631–32 (1950). Consequently, upon trial of this case, if an express grant is found to exist, it must be determined whether the Morgans, prior to their purchase, had notice of the easement created thereby.

## EASEMENT BY IMPLICATION

In the Starks' sixth and seventh points of error they contend that an easement by implication exists as a matter of law. In their eighth point of error they contend in the alternative that a fact question exists regarding whether the use of tracts one and two as easements was apparent at the time the Morgans purchased their property from Hill. All parties to this action agree that the elements necessary to establish an implied easement appurtenant are as follows: (1) that a unity of ownership originally existed between the dominant and the servient estate; (2) that the use was apparent and existent at the time the servient estate was granted; (3) that the use was continuous and intended to pass by the grant of the servient estate; (4) that the use was necessary to the use of the dominant estate. *Drye v. Eagle Rock Ranch, Inc.*, 364 S.W.2d 196, 207–08 (Tex.1962). We conclude that

the facts of this case do not come within these elements.

■ The elements listed above presuppose the creation of the use (the driveway) while unity of title exists. *See id.* 205–09; *Howell v. Estes*, 71 Tex. 690, 694, 12 S.W. 62, 63 (1888). The concept of an implied easement appurtenant then arises when an owner of land upon which a use exists conveys *a part* of that land to another. No such situation existed here. The use did not exist when Hill conveyed to the Starks and, although the use did exist prior to Hill's conveyance to the Morgans, Hill did not retain any part of the land upon which the use existed. Additionally, even had Hill retained a part of the land upon which the use existed, this would not create an easement appurtenant to the Starks' property. Accordingly, the three points of error relating to this topic are overruled.

## EASEMENT BY PRESCRIPTION

In the Starks' final three points of error, they contend that an easement by prescription exists over tract two as a matter of law or alternatively, that a fact question exists regarding whether the Starks use of tract two and the use of that tract by their customers was adverse and exclusive. The Morgans respond that the question of a prescriptive easement over tract two was never before the trial court, and that if the question of prescriptive easement was presented, the summary judgment evidence negated one of the elements necessary to establish a prescriptive easement, therefore requiring summary judgment for the Morgans on that issue. We dispose of the Morgans' first contention by noting that the Starks' second amended petition alleged a prescriptive easement over tract two, including allegations as to each element necessary to establish such an easement.

■ "To obtain a prescriptive easement one must use someone else's land in a manner that is open, notorious, continuous, exclusive, and adverse for the requisite period of time." *Brooks v. Jones*, 578 S.W.2d 669, 673 (Tex.1979). Failure to prove any one of

**306**

these elements is fatal to a claim of easement by prescription. *See id.* at 673–74. The requisite period of time is ten years. *See* Tex.Rev.Civ.Stat.Ann. art. 5510 (Vernon 1958).

 The element over which the parties' main disagreement exists is the requirement for exclusive use. In *Brooks* the supreme court reiterated the rule in Texas in this regard when it stated "that when a landowner and the claimant of an easement both use the same way, the use by the claimant is not exclusive of the owner's use and therefore will not be considered adverse." 578 S.W.2d at 673. In the summary judgment evidence, Morgan and Stark both state that Morgan made periodic use of the property in question, and neither party has pointed us to any evidence to the contrary. We are forced to conclude, therefore, that the Starks would not be able to establish this essential element of their claim of a prescriptive easement. Accordingly, the trial court was correct in granting the Morgans' motion for summary judgment as to this point. *See* Hittner, *Summary Judgments in Texas*, 43 Tex.B.J. 11, 16 (1980).

## CONCLUSION

 We conclude that no ambiguity existed in the Hill-Morgan deed; that the Morgans' defense of limitations was immaterial to this summary judgment; that no implied easement appurtenant existed because no use was created during unity of title of the servient and dominant estates, and; that the Starks' use did not create a prescriptive easement because it was not exclusive of the Morgans' use. As to these theories the rendition of summary judgment was proper and we affirm the action of the trial court to that extent. Further, we conclude that a genuine issue exists regarding whether an easement by express grant exists over tract one and, if so, whether it was binding on the Morgans, that is, whether they had notice of it. As to this theory the rendition of summary judgment was improper.

Accordingly, we affirm in part, and reverse and remand in part.