Claude D. BELL, Jr., Guardian of the Person and Estate of Claude D. Bell, Sr., Appellant,

v.

SHARIF–MUNIR–DAVIDSON DEVELOPMENT CORPORATION, et al., Appellees.

No. 05–86–01255–CV.

Court of Appeals of Texas, Dallas.

Aug. 27, 1987.

Rehearing Denied Oct. 19, 1987.

Jerry L. Hughes, Joe Hill Jones, Dallas, for appellant.

Robert Michael Clark and Martin Hotchkiss, Dallas, for appellee Sharif–Munir.

Robert S. Leithiser, Dallas, for other appellees.

G. Roland Love, Dallas, for appellees Al Small Custom Homes, Inc. and Northpark Nat. Bank.

Nina Cortell and Sharon N. Freytag, Dallas, for appellee Paris Sav.

Before STEPHENS, McCLUNG and LAGARDE, JJ.

STEPHENS, Justice.

Claude D. Bell, Jr., Independent Administrator of the Estate of Claude D. Bell, Sr., appeals from a summary judgment granted by the Probate Court of Dallas County in favor of Sharif–Munir–Davidson Development Corporation, Sharif–Munir, Inc., R.K. Davidson Company, Paris Savings & Loan Association, Al Small Custom Homes, Inc., Nowlin Savings Association, Wade T. Nowlin, John D. Smith, Northpark National Bank, Bob Thompson & Associates, Clark & Heath Corp., Concorde Bank Dallas, N.A., Randy Hughes Companies, Inc., Interfirst Bank Galleria, Interfirst Bank Addison, and Don Mechanic. In six points of error appellant asserts: (1) that the probate court erred in granting summary judgment; (2) that the probate court erred in treating the cross-actions of appellees Sharif–Munir–Davidson Development Corporation, Sharif–Munir, Inc., R.K. Davidson Company, and Paris Savings & Loan Association as suits for declaratory judgment under Chapter 37 of the Civil Practice and Remedies Code; (3) that the probate court erred in failing to sustain special exceptions contained in appellant's reply to the motions for summary judgment; (4) that the probate court erred in conducting summary judgment hearings on October 21, 1986; (5) that the judgments entered by the probate court are not final judgments for appellate purposes; and (6) that the probate court erred in granting summary judgment in favor of Paris Savings & Loan Association because Paris Savings & Loan Association moved only for a partial summary judgment. We disagree with each of appellant's points of error. Consequently, we affirm the judgment of the probate court.

In summary judgment proceedings, all of the evidence must be viewed in the light most favorable to the non-movant. All conflicts must be disregarded, and the evidence that tends to support the position of the non-movant is accepted as true. *Montgomery v. Kennedy*, 669 S.W.2d 309, 310–11 (Tex.1984). Hence, we will recite the facts giving rise to the present suit in the light most favorable to appellant.

Appellant's father, Claude D. Bell, Sr., who died on December 2, 1986, owned thirty-three acres of land near the intersection of Beltline Road and Preston Road in the City of Addison. Bell, Sr. acquired the land in 1935, and lived on said land until 1986. Not surprisingly, Bell, Sr. was approached on numerous occasions by persons desiring to purchase all or part of his land. Bell, Sr. did, over a period of time, sell eight to ten lots which fronted on Wynnewood Lane to various individuals. Bell, Sr. imposed many deed restrictions on these lots, including a requirement that he personally approve the plans for homes to be built on the lots. Evidently, Bell, Sr. was very proud of his thirty-three acres, and envisioned that it would become acreage for estate-type homes. Bell, Sr. wanted wealthy buyers to purchase lots in Bellbrook Estates, the name he gave the land, without placing liens against the lots, therefore, he told Bell, Jr. that he would never sign a contract of sale on his land. Rather, the prospective buyer would plunk down the purchase price, and Bell, Sr. would then execute a deed transferring title to the buyer.

Jeff Noebel, a realtor, befriended Bell, Sr. in 1979. Noebel cared for Bell, Sr., helped Bell, Sr. manage the land in question, and shopped for Bell, Sr. In 1982, Bell, Sr. signed a document, construed by Bell, Jr. as a contract of sale on the land in question. The contract was to sell the land to Noebel. Bell, Jr. asked his father about the contract and Bell, Sr. explained that it was a predevelopment contract.

On June 8, 1984, in a conference room at the RepublicBank in downtown Dallas, Bell, Sr. brought a deed with him which he proposed to sign closing the sale. Some changes were made to page twelve of Bell, Sr.'s deed, concerning the restrictive covenants, and some interlineations were made on pages one and seven. Several hours after Bell, Sr. arrived at the bank, he initialed the handwritten interlineation on pages one and seven of the deed, and signed the new page twelve of the deed. The deed was signed in the presence of Fisher, Noebel, and Pam McFerrin. Bell, Sr. acknowledged the deed before McFerrin, a notary. The deed transferred and conveyed title to the property to Bellbrook Joint Venture, a joint venture composed of Quantum Equities, Albert E. Johansen, Noebel, John H. Carney, and Fisher. Safeco Land Title of Dallas delivered Bell, Sr. a $2,000,000 cashier's check after he executed the deed. Immediately following this closing, Bell, Sr. placed his two million dollars in an interest bearing account at RepublicBank. Bell, Sr. later invested $1,500,000 in a money market account which earned $11,000 interest a month.

Four months after the closing, the property was sold by Bellbrook Joint Venture to Sharif–Munir–Davidson Development Corporation for approximately five million dollars.

In April, 1986, almost two years after the closing, and after Bell, Sr. had exercised control of the two million dollars received from the sale, he was declared non compos mentis by the Dallas County Probate Court. Bell, Jr., acting as guardian of the person and estate of Bell, Sr., brought suit in the Dallas County Probate Court seeking to void the sale. Bell, Jr. named as defendants: Bellbrook Joint Venture, its individual members; and all subsequent purchasers in the chain of title. Bell, Jr., in his plaintiff's third amended original petition filed with the probate court, alleged that Bell, Sr.'s signature on the deed was forged, and that Noebel, individually and as agent for all co-defendants, was guilty of fraud, overreaching, misrepresentation, forgery, and use of undue influence and deception in acquiring the property conveyed by the deed in question. The probate court severed Bell, Jr.'s claims against appellees and entered summary judgment for appellees on the severed claims. Bell, Jr. appeals

from the summary judgment entered by the probate court on the severed actions. The suit involving Noebel, Bellbrook Joint Venture, and the other defendants for whom summary judgment was not granted, is still pending in the lower court.

■ In his first point of error, appellant contends that the trial court erred in entering summary judgment for appellees. Appellant argues that the affidavits and depositions of McFerrin, Fisher, and Noebel are *not proper summary judgment evidence because said affidavits and depositions were made by interested witnesses and could not be readily controverted by appellant since Bell, Sr. was declared non compos mentis.* Generally we agree with appellant's contentions regarding summary judgment rules. The law is well-established that summary judgment may be based on uncontroverted testimonial evidence of an interested witness only if the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted. *See* TEX.R.CIV.P. 166–A(c) (Vernon Supp.1987); *Martin v. Cloth World of Texas, Inc.,* 692 S.W.2d 134, 136 (Tex.App.—Dallas 1985, writ ref'd n.r.e.). Noebel, Fisher, and McFerrin are all interested witnesses. Noebel and Fisher are members of Bellbrook Joint Ventures, the purchaser of the property. McFerrin is an employee of SAFECO Title Company, the insurance carrier of millions of dollars of title insurance on the property in question, and is also a named defendant in the suit in the lower court. Noebel, Fisher, and McFerrin must all be classified as interested witnesses. *See Beaumont Enterprise & Journal v. Smith,* 687 S.W.2d 729 (Tex. 1985); *Martin,* 692 S.W.2d at 136; *Bankers Commercial Life Insurance Co. v. Scott,* 631 S.W.2d 228, 231 (Tex.App.—Tyler 1982, writ ref'd n.r.e.)

■ However, McFerrin, while acting in her capacity as a notary public, was not an interested witness with respect to the taking of Bell, Sr.'s acknowledgment. McFerrin was acting in her capacity as a notary public authorized to take acknowledgments, when Bell, Sr. acknowledged the deed in question. The fact that McFerrin was an employee of SAFECO Title company at the time she took Bell, Sr.'s acknowledgment did not invalidate the acknowledgment or automatically disqualify McFerrin from taking the acknowledgment. *See Director, Dallas County Child Welfare v. Thompson,* 667 S.W.2d 282 (Tex.App.—Dallas 1984, no writ). Consequently, the acknowledgment which is valid on its face, and McFerrin's testimony concerning her official acts in taking Bell, Sr.'s acknowledgment, constitute summary judgment evidence that was properly relied on by the trial court.

We must now determine whether appellees, conclusively, as a matter of law, have shown that they were entitled to summary judgment. We have reviewed the record before us, keeping in mind the following applicable summary judgment rules.

■ Defendants moving for summary judgment must show either: (1) that as a matter of law the plaintiff cannot establish his case; or (2) that all essential elements of their defense are conclusively established as a matter of law. *See Montgomery,* 669 S.W.2d at 310–11. *Stark v. Morgan,* 602 S.W.2d 298, 303 (Tex.Civ.App.—Dallas 1980, writ ref'd n.r.e.). The trial court, when deciding whether there exists any disputed material fact which precludes summary judgment, will consider all evidence favorable to the non-movant as true; every reasonable inference from the evidence must be indulged in favor of non-movants, and any doubts resolved in their favor. *Montgomery,* 669 S.W.2d at 311. If there is any genuine issue of material fact, the motion for summary judgment must be denied. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985).

Moreover, a motion for summary judgment does not shift the burden of proof. The trial court may not grant a summary judgment by default for the non-movant's lack of an answer or response to the motion if the movant's proof is legally insufficient. *Cotton v. Ratholes, Inc.,* 699 S.W.2d 203, 205 (Tex.1985); *City of Houston v. Clear Creek Basin Authority,* 589

S.W.2d 671, 678 (Tex.1979). Summary judgment must stand on its own merits, and the non-movant's failure to answer or respond cannot supply by default the summary-judgment proof necessary to establish the movant's right. *Clear Creek,* 589 S.W.2d at 678.

■ The law is settled that a certificate of acknowledgment is prima facie evidence that Bell, Sr. appeared before the notary and executed the deed in question for the purposes and consideration therein expressed. *See Stout v. Oliveira,* 153 S.W.2d 590, 596 (Tex.Civ.App.—El Paso 1941, writ ref'd w.o.m.). Clear and unmistakable proof that either the grantor did not appear before the notary or that the notary practiced some fraud or imposition upon the grantor is necessary to overcome the validity of a certificate of acknowledgment. *See Stout,* 153 S.W.2d at 596–97. Furthermore, even a forged deed may be adopted by the grantor when the grantor subsequently acknowledges the deed. *See Mondragon v. Mondragon,* 113 Tex. 404, 408–09, 257 S.W. 215, 217 (1923) *quoting Clough v. Clough,* 73 Me. 487, 40 Am.Rep. 386; *Newton v. Emerson,* 66 Tex. 142, 145, 18 S.W. 348, 349–50 (1886); *Pena v. Frost National Bank,* 119 S.W.2d 612, 617 (Tex. Civ.App.—San Antonio 1938, writ ref'd).

Bell, Sr. displayed his intent to adopt the deed in question, if in fact the deed was forged, through a variety of acts in addition to his acknowledgment of the deed: he accepted and retained the two million dollars he received at closing; he invested a portion of the two million dollars; he recognized the capital gain from the sale on his income tax return; and he never attempted to repudiate the sale during the approximately fourteen months after the sale and before he was declared non compos mentis.

■ Appellees met their burden of conclusively proving, as a matter of law, that the deed in question was validly acknowledged on its face. Therefore, the issue of forgery became irrelevant because even if the deed was forged, appellees proved that Bell, Sr. subsequently acknowledged and adopted the deed. Hence, the appellees had presented evidence which entitled them

to summary judgment. The burden was then on appellant to come forward with evidence to defeat appellees motion for summary judgment based on acknowledgment and adoption. *See Clear Creek Basin Authority,* 589 S.W.2d at 678 (Tex. 1979); *see also Kirby Lumber Corp. v. White,* 288 F.2d 566, 572 (5th Cir.1961). By appellant's failure to present summary judgment evidence that Bell, Sr. was not present when the deed was acknowledged, or that the notary perpetrated a fraud upon Bell, Sr., the validity of the execution of the deed was conclusively shown. Consequently, the summary judgment entered in favor of appellees was proper.

■ We realize that several of the cases relied upon by appellee for the proposition that an acknowledgment is conclusive evidence of the facts recited in the instrument, are based upon Article 3723 of the Texas Revised Civil Statutes, which read as follows: "All declarations ... made and acknowledgments taken by notaries public ... shall be received as evidence of the facts therein stated in any court of this State." Article 3723 was repealed by order of the Texas Supreme Court dated November 23, 1982, effective September 1, 1983, adopting the Texas Rules of Evidence. However, no rule of evidence has since been promulgated speaking to the conclusiveness of facts stated in a certificate of acknowledgment. We believe that the conclusiveness of facts recited in an acknowledgment is well grounded in case law, and survives despite the repeal of Article 3723. The rationale behind this rule was stated in *Stout:*

> The reason is obvious, because, if the rule were otherwise, titles would be insecure and ruinous consequences would ensue from the doubt and uncertainty with which titles would be clouded.

153 S.W.2d at 597. The necessity for this rule was described as follows:

> The rule that certificates of acknowledgment are conclusive is based on the commercial necessity for security of title. Under any other rule, the title to land would lose, in a great measure, the security which the registration laws were

designed to insure; the stability of title would often depend on the memory and integrity of those interested in nullifying it and the door to fraud and perjury would thereby be opened wide.

1A C.J.S. *Acknowledgments* § 86 (1985). We conclude that the case law, not having been expressly overruled, is the substantive law of this state. Accordingly, we uphold the sound public policy behind the conclusiveness of acknowledgments in the absence of evidence that either the grantor did not appear or that the notary perpetrated fraud upon the grantor. Appellant's first point of error is overruled.

■ Point of error number two asserts error because the trial court treated the cross-actions of Sharif–Munir–Davidson Development Corporation, Sharif–Munir, Inc., R.K. Davidson Company and Paris Savings & Loan Association as suits for declaratory judgment under Chapter 37 of the Civil Practice and Remedies Code.

TEX.CIV.PRAC. & REM.CODE § 37.004(a) provides that "a person interested under a deed, .... may have determined any question of construction or validity arising under the instrument, .... and obtain a declaration of rights, status, or other legal relations thereunder." When either or both parties have requested declaratory relief, it is a common practice for a trial court to make specific declarations upon an entry of summary judgment. *See, Cherokee Water Co. v. Forderhause,* 641 S.W.2d 522 (Tex.1982); *Sawyer v. Lancaster,* 719 S.W.2d 346 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.); *Cosby v. County Commissioners of Randall County,* 712 S.W.2d 246 (Tex.App.—Amarillo 1986, writ ref'd n.r.e.); *Successors to the Interest of Rea–Glass, Inc. v. Allied Corp.,* 704 S.W.2d 387 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.). Appellant's second point of error is overruled.

■ In his third point of error, Appellant contends that the trial court erred by failing to sustain special exceptions contained in Appellant's Reply to the Motions for Summary Judgment. Appellant complains that Appellees failed to comply with summary judgment rules by failing to state specific grounds for relief in their motions. We disagree. Appellees Motion for Summary Judgment contained details of the executed and acknowledged deed by Bell, Sr., the consideration paid, and the facts relevant to the execution of the deed. These allegations were sufficient to support the summary judgment in light of our conclusions above. Appellant's third point of error is overruled.

Appellant's fourth point of error complains that the trial court erred in conducting summary judgment hearings on October 21, 1986. Under this point, Appellant contends that the trial court abused its discretion in overruling Appellant's motion for continuance. This point of error is summarily overruled because we conclude that Appellant's motion for continuance failed to assert any of the grounds argued in its brief for the failure to grant the continuance, and thus is not preserved for our review. *PGP Gas Products, Inc. v. Fariss,* 620 S.W.2d 559 (Tex.1981).

■ In point of error number five, Appellant contends that the judgments entered below are not final judgments for appellate purposes. We disagree. The judgment identifies certain defendants, severs all claims against those named defendants, and denies all relief against those named defendants. Such judgment is a final judgment. *Teer v. Duddlesten,* 664 S.W.2d 702 (Tex.1984). Appellant's point of error number five is overruled.

In his final point of error, Appellant contends that the summary judgment granted in favor of Paris Savings & Loan Association was in error because Paris only moved for a partial summary judgment. After an interlocutory summary judgment was entered in favor of Paris, Paris moved for a severance which was granted, and final judgment entered. *See Teer,* 664 S.W.2d at 704. Appellant's sixth point of error is overruled.

There is one final matter we must address. Noebel, Carney, and Fisher filed "Joinder In" briefs in this Court in an attempt to "join in" the brief, argument, and prayer for relief asserted by Sharif–

Munir–Davidson Development Corporation. Noebel, Carney, and Fisher are not parties to this appeal because the suit against appellees was severed from appellant's suit against Fisher, Noebel, and Carney. It is axiomatic that someone not a party to a cause has no standing to bring an appeal. *InterFirst Bank–Houston v. Quintana Petroleum Corp.*, 699 S.W.2d 864, 878 (Tex.App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.). Hence, Noebel, Carney, and Fisher are not parties to this appeal and cannot "join in" the briefs or arguments of any parties to the appeal.

The judgment of the probate court is affirmed.