

# NUMBER 13-09-00364-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI—EDINBURG

_____

TROPICAL COMMODITIES, INC.,                                    Appellant,

v.

ANGEL PEREZ ORTIZ, ALONSO RODRIGUEZ,
AND NIKO ILUMINACION DE MEXICO,                          Appellees.

_____

### On appeal from the 93rd District Court
### of Hidalgo County, Texas

_____

# MEMORANDUM OPINION

### Before Justices Garza, Vela, and Perkes
### Memorandum Opinion by Justice Perkes

This case involves competing claims to a piece of real property in Hidalgo County, Texas. The trial court granted judgment in favor of appellees for $2.7 million and declared certain deeds allegedly passing title to and from appellee Angel Perez Ortiz, null and void. By three issues, appellant, Tropical Commodities, Inc. ("Tropical"), argues the trial court erred in entering summary judgment declaring that its warranty deeds to the property were null and void and erred in granting judgment in the trial on the merits. Because the

evidence adduced at the bench trial was legally and factually sufficient to support the trial court's judgment concerning Tropical's warranty deeds, we affirm the trial court's judgment.

## I.      FACTUAL AND PROCEDURAL BACKGROUND

In April 2006, appellee Angel Perez Ortiz sued Niko Iluminacion de Mexico ("Niko") and Tropical[1] seeking to clear title to a piece of property that he alleged he owned.[2]  In his live pleading at the time of trial, Ortiz alleged four conveyances of his property were fraudulent.  He sought a judgment declaring that the deeds showing the following were null and void:  (1) a December 2005 conveyance of the property from Ortiz to Niko; (2) a February 2006 conveyance from Niko to Ortiz; (3) a March 2006 conveyance from Ortiz to

---

[1] The trial court's judgment disposes of the claims of Carlos Alejandro Orozco Aranda, Fernando Plata and Rosalva Garcia by non-suit. Ortiz also moved to sever all claims between Blanca Perez and him. These claims were severed as noted in the trial court's judgment.  Manuel Cuevas and Lorena Orihuela, who were parties, are aligned with Niko.  Cuevas was the owner of Niko and Orihuela is his wife, as well as president and sole director of Niko.  Jacobo Chapa is alleged in the pleadings to be the individual who purportedly engaged in all negotiations "none of which were had with Plaintiff, and purportedly paid all of the supposed monetary consideration allegedly paid for the property."  The judgment does not specifically dispose of claims asserted against Manuel Cuevas, Lorena Orihuela or Jacobo Chapa.  The judgment indicates, however, that they were represented by counsel.  The judgment, entered after a non-jury trial on the merits, states that it is "a final judgment disposing of all issues between all parties and all relief not expressly granted herein is denied."  When a judgment, not intrinsically interlocutory in character, is rendered and entered in a case regularly set for a conventional trial on the merits, no order for a separate trial of issues having been entered pursuant to the procedural rules, it will be presumed for appeal purposes that the Court intended to, and did, dispose of all parties legally before it and of all issues made by the pleadings between such parties.  *See Moritz v. Preiss*, 121 S.W.3d 715, 718–19 (Tex. 2003); *John v. Marshall Health Servs., Inc.*, 58 S.W.3d 738, 740 (Tex. 2001).  Thus, we presume the judgment is final.

[2] The trial court's judgment contains the following legal description of Ortiz's initial interest in the real property, which interest the trial court declared was conveyed to Niko, subject to a vendor's lien held by Rodriguez:

> the South 23.23 acres more or less out of Lot 2 Block 13 Hidalgo Canal Company's Subdivision of lands out of Porciones 64, 65 and 66 Hidalgo County, Texas according to the map recorded in Volume "Q", Page 177 Deed Records in the Office of the County Clerk of Hidalgo County, Texas a 1/8 of the usual and customary 1/8 royalty, said royalty interest being non-participating as to lease money, bonuses, and delay rentals on all oil, gas and other minerals lying and being situated on, in, under or that may be produced from the South 10.0 acres out of Lot 2 Block 13 Hidalgo Canal Company's Subdivision of lands out of Porciones 64, 65, and 66 Hidalgo County, Texas according to the map recorded in Volume "Q", Page 177 Deed Records in the Office of the County Clerk of Hidalgo County, Texas.

Tropical; and (4) a February 2007 grant deed purporting to convey the property from Ortiz to Blanca E. Perez.[3] The alleged fraudulent conveyances of the property in Ortiz's lawsuit can be summarized as follows:

December 2005    Ortiz → Niko

February 2006    Niko → Ortiz

March 2006    Ortiz → Tropical

February 2007    Ortiz → Blanca E. Perez

For each conveyance, a deed was apparently recorded in the official records of Hidalgo County, Texas.[4] For the Ortiz→Tropical conveyance, two purported deeds were apparently recorded in the official records of Hidalgo County, Texas: (1) a warranty deed with vendor's lien, bearing an untranslated, Spanish-language acknowledgement and notary seal under the grantor's signature; and (2) a correction warranty deed without a vendor's lien and without an acknowledgement. Both of the purported Ortiz →Tropical deeds were dated March 24, 2006.

Ortiz alleged his signature was forged on all of the deeds and complained that the Ortiz→Tropical deed, bearing an acknowledgement in Spanish, was also invalid for lack of a proper English translation. Niko filed a general denial and alleged the Ortiz→Niko deed of 2005 was valid. Niko counterclaimed and cross-claimed for declaratory relief that the

---

[3] By his lawsuit, Ortiz also alleged other causes of action not relevant to this appeal.

[4] The Ortiz→Niko deed is a December 15, 2005, warranty deed bearing document number 1559411 and a file stamp of the Hidalgo County Clerk. The Niko→Ortiz deed is a February 17, 2006, warranty deed, bearing document number 1617253, and appears to have been filed with the Hidalgo County Clerk. The Ortiz→Tropical deed is titled correction warranty deed, and dated March 24, 2006. It bears document number 1628889. By its terms, it corrects document number 1596915 in the Official Records of Hidalgo County, Texas, which appears to have been a "warranty deed with vendor's lien," dated March 24, 2006, that purported to convey the property from Ortiz to Tropical. The exhibits to Ortiz's live pleading show the Ortiz→Tropical documents numbered 1596915 and 1628889 were filed with the Hidalgo County Clerk.

subsequent Niko→Ortiz and Ortiz→Tropical deeds were null and void. Niko also sought a declaratory judgment that it owned the property.

Tropical answered by general denial and alleged that the Ortiz→Tropical transfer was valid, but that it was a person other than appellee Ortiz who conveyed the property to Tropical. According to Tropical, a second person named "Angel Perez Ortiz" conveyed the property to it. Tropical also filed a counterclaim and cross-claim to clear its title. Tropical petitioned the trial court to declare the Ortiz→Niko deed null and void and to declare Tropical the legal owner of the property.[5]

Alonso Rodriguez, Ortiz's son, intervened in the lawsuit to protect his interests, as a successor to Ortiz's lien interest in the property. At the beginning of trial, counsel for Rodriguez moved to supplement his petition to state that he is the successor-in-interest to Ortiz's lien interest. The trial court granted leave to amend.

Niko filed a motion for summary judgment against Tropical, asking the trial court to enter judgment declaring the Niko→Ortiz and Ortiz→Tropical deeds null and void, and declaring that Tropical did not own the property.[6] Tropical responded to the motion, arguing, among other things, that Niko's motion should be denied because Niko's declaratory-judgment action improperly sought relief on matters already pending in the lawsuit.

In March 2009, the case was called for trial. Tropical did not appear for trial, despite notice. Before trial started, Ortiz and Niko settled the claims existing between them. On

---

[5] By their respective counterclaims and cross-claims, Niko and Tropical also alleged other causes of action not relevant to this appeal.

[6] Niko's motion for summary did not expressly challenge the validity of Tropical's purported correction warranty deed, but the motion included a request for a declaration that Tropical did not own the property.

4

the day of trial, the trial court granted Niko's motion for summary judgment against Tropical, but proceeded with a bench trial.  At the trial, the December 1995 warranty deed from Ortiz to Niko was admitted into evidence as Exhibit 1.  A deed that was purportedly signed by Angel Perez Ortiz was admitted into evidence as Exhibit 2, along with his deposition testimony that he had not signed the document.  Exhibit 3, a warranty deed with vendor's lien, dated March 24, 2006, from Angel Perez Ortiz to Tropical was also admitted into evidence.  Angel Perez Ortiz denied, under oath, that he had signed that document.  Angel Perez Ortiz also denied having signed the correction warranty deed, dated March 24, 2006, which was admitted into evidence at the trial on the merits as Exhibit 4.

Following the trial, the trial court entered judgment that the December 2005 Ortiz→Niko deed is valid and the subsequent deeds at issue in the lawsuit were null and void. The trial court declared Niko the record title holder of the property, subject to Rodriguez's vendor's lien, on which Niko owed $2,700,000.[7]  No findings of fact and conclusions of law were requested or filed.  This appeal followed.

## II.    ISSUES PRESENTED

Tropical presents three issues for review:  (1) whether the trial evidence was legally and factually sufficient to prove the Ortiz→Tropical deeds null and void; (2) whether the trial court erred by granting Niko summary judgment on its declaratory-judgment action to declare the Ortiz→Tropical deeds null and void when Niko's declaratory-judgment action sought to settle a dispute already pending in the trial court; and (3) whether Niko's summary-judgment evidence was legally insufficient to prove the Ortiz→Tropical deeds

---

[7] The judgment also contained several other declarations not challenged in this appeal.

5

null and void.[8] Because the trial court's ruling on the merits is dispositive, we address Tropical's third issue.

### III. STANDARD OF REVIEW

We review de novo a trial court's conclusions of law and uphold them on appeal if the judgment can be sustained on any legal theory supported by the evidence. *BMC Software Belg. v. Marchand,* 83 S.W.3d 789, 794 (Tex. 2002). In a nonjury trial, when no findings of fact or conclusions of law are filed or properly requested, it is implied that the trial court made all the necessary findings to support its judgment. *Roberson v. Robinson,* 768 S.W.2d 280, 281 (Tex. 1989); *Mays v. Pierce*, 203 S.W.3d 564, 571 (Tex. App.—Houston [14th Dist.] 2006, pet. denied). If a complete reporter's record is included in the appellate record, as in this case, the party appealing may challenge both the legal and factual sufficiency of the trial court's implied findings. *See Mays*, 203 S.W.3d at 571 (citing *Roberson,* 768 S.W.2d at 281). We apply the same standards of review to such a challenge as those applied in review of jury findings. *See id.*

The test for legal sufficiency is "whether the evidence at trial would enable reasonable and fair-minded people to reach the verdict under review." *City of Keller v. Wilson,* 168 S.W.3d 802, 827 (Tex. 2005). In making this determination, we credit favorable evidence if a reasonable fact-finder could, and disregard contrary evidence unless a reasonable fact-finder could not. *Id.* If the evidence falls within the zone of reasonable disagreement, then we may not substitute our judgment for that of the fact-finder. *Id.* at 822. The fact-finder is the sole judge of the credibility of the witnesses and

---

[8] We note the procedural posture and sufficiency issues in this case are akin to a post-answer default-judgment case in which a defendant fails to appear after filing an answer in a lawsuit. *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 930 (Tex. 2009) (explaining that in a post-answer default case, a plaintiff is required to prove all aspects of its claim to obtain relief); *see also Mays v. Pierce*, 203 S.W.3d 564, 571 n.11 (Tex. App.—Houston [14th Dist.] 2006, pet. denied) (discussing plaintiff's burden of proof when defendant fails to appear after filing an answer).

the weight to give their testimony. *Id.* at 819. In reviewing a factual-sufficiency challenge, we consider and weigh all of the evidence supporting and contradicting the challenged finding and set aside the finding only if the evidence is so weak as to make the finding clearly wrong and manifestly unjust. *Cain v. Bain,* 709 S.W.2d 175, 176 (Tex. 1986); *see Plas-Tex, Inc. v. U.S. Steel Corp.,* 772 S.W.2d 442, 445 (Tex. 1989).

### III.   ANALYSIS

By its third issue, Tropical argues the evidence at trial was legally and factually insufficient to prove the March 2006 Ortiz→Tropical deeds are null and void forgeries. We disagree.

A forged deed is void *ab initio* and passes no title. *Dwairy v. Lopez*, 243 S.W.3d 710, 712 (Tex. App.—San Antonio 2007, no pet.); *Dyson Descendant Corp. v. Sonat Exploration Corp.*, 861 S.W.2d 942, 947 (Tex. App.—Houston [1st Dist.] 1993, no pet.) The recording of a forged deed does not give it any validity. *Dyson Descendant Corp.*, 861 S.W.2d at 947. No person can be an innocent purchaser of land when one of the links in the chain of title is a forgery. *Id.*

A certificate of acknowledgement is prima facie evidence that a grantor of real property appeared before a notary and executed a deed for the purposes and consideration expressed in the deed.    *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 121.004(a) (West 2003) (setting forth the method of making an acknowledgement), 121.007 (providing form with which ordinary certificate of acknowledgement must substantially comply), 121.008 (providing short-form acknowledgement certificates); *Bell v. Sharif-Munir-Davidson Dev. Corp.*, 738 S.W.2d 326, 330 (Tex. App.—Dallas 1987, writ denied) (treating acknowledgement as prima facie evidence that grantor executed deed). In Texas, an instrument conveying real property may not be recorded "unless it is signed

7

and acknowledged or sworn to by the grantor in the presence of two or more credible subscribing witnesses or acknowledged or sworn to before and certified by an officer authorized to take acknowledgements or oaths, as applicable." TEX. PROP. CODE ANN. § 12.001(c) (West 2003). That an instrument is not acknowledged in a manner that would authorize its recording is a circumstance tending to show the parties did not intend the instrument to be a completed conveyance. *See Lipscomb v. Fuqua*, 55 Tex. Civ. App. 535, 538, 121 S.W. 193, 194 (1909), *aff'd*, 131 S.W. 1061 (Tex. 1910).

Without objection, the trial court admitted into evidence the December 2005 Ortiz→Niko deed which bears an acknowledgement signed and sealed by a Texas notary. Without objection, the two purported Ortiz→Tropical deeds dated March 24, 2006 were also admitted into evidence. Ortiz's trial counsel presented Ortiz's deposition testimony that he did not sign the Ortiz→Tropical deeds, though they are signed "Angel Perez Ortiz." The purported Ortiz→Tropical deeds are not sworn, do not contain any witness signatures, and do not contain an acknowledgement in English.

Tropical acknowledges its "[w]arranty deed with vendor's lien" bears a Spanish-language acknowledgement without an English translation, as is required. *See* TEX. PROP. CODE ANN. § 11.002 (c) (West 2003) (requiring recording of English translation of acknowledgement made outside the United States or its territories). Without citation to any relevant legal authority, Tropical argues it substantially complied with the acknowledgement requirement by including the Spanish-language acknowledgement. Tropical also argues its "correction warranty deed" was recorded the same day, in part, to correct the Spanish-language acknowledgement. Tropical points out that the correction warranty deed is signed by a Texas notary public and bears his signature.

Tropical's argument is unconvincing.  By its plain terms, the "correction warranty deed" was "made in the place of" and as a correction of the purported Ortiz→Tropical warranty deed with a vendor's lien.  The "correction warranty deed" contains no acknowledgement—only the bare stamp and signature of a notary public.  Therefore, the "correction warranty deed" did not cure the defective, untranslated Spanish-language acknowledgement.  In addition, Angel Perez Ortiz's denial that the signatures were his was uncontroverted.  On this record, a reasonable fact finder could conclude the purported Ortiz→Tropical deeds were forged.  We hold the evidence in the trial record is legally and factually sufficient to support the trial court's declaratory judgment that the March 2006 Ortiz→Tropical deeds are forgeries and therefore null and void.  *See Dwairy*, 243 S.W.3d at 712–14 (reviewing evidence and concluding it was legally and factually sufficient to support trial court's conclusion that grantor's signature was forged, rendering deed a nullity).  We overrule Tropical's third issue on appeal.

## V.  CONCLUSION

Because the evidence was legally and factually sufficient to establish that the Ortiz to Tropical deed was null and void, we need not address issues one and two, which concern the propriety of the trial court's grant of summary judgment and declaratory relief by way of summary judgment, as these issues are not dispositive.  *See* Tex. R. App. P. 47.1.  We affirm the trial court's judgment.

GREGORY T. PERKES
Justice

Delivered and filed the
31st day of August 2011.

9