**Opinion filed July 17, 2025**



In The

# Eleventh Court of Appeals

_____

## No. 11-23-00151-CV
_____

### GILBERTO V. GONZALES, Appellant

### V.

### DONALD R. MEEK, Appellee

**On Appeal from the 142nd District Court**
**Midland County, Texas**
**Trial Court Cause No. CV51436**

### M E M O R A N D U M   O P I N I O N

This appeal concerns competing claims to a .44-acre tract of property located in Midland County. Stanley C. Williams, Jr. and Elizabeth Keys Williams first conveyed the .44 acres to "Gilberto V. Gonzales"[1] via warranty deed in June 2013. However, in November 2014, a deed from "Gilberto V. Gonzales" conveyed the .44

---

[1]Appellant's name is Gilberto V. Gonzales. There is no dispute that the property was conveyed from the Willliamses to Appellant by virtue of the June 2013 deed.

acres back to the Williamses. The Williamses later conveyed the same .44 acres to DRM Rental Properties, LLC (DRM) via warranty deed in February 2015.

The primary question to resolve in this appeal is whether the 2014 warranty deed from Gonzales to the Williamses was valid. After a bench trial, the trial court found that the 2014 warranty deed from Gonzales to the Williamses was valid and concluded that Gonzales did not own the .44 acres. In a single issue on appeal, Gonzales contends that the trial court erred in finding that he did not own the .44 acres because the 2014 warranty deed conveying the property from Gonzales to the Williamses was "fraudulent based on a forgery." We affirm.

*Background Facts*

In July 2015, Gonzales filed his original petition for declaratory judgment. In the petition, Gonzales claimed that he became aware of the 2014 warranty deed conveying the .44 acres from the Williamses to DRM in May 2015. Gonzales further claimed that, upon investigating the transfer, he discovered the 2014 warranty deed purporting to convey his interest in the .44 acres back to the Williamses. Gonzales asserted that he never sold or reconveyed the .44 acres back to the Williamses and that the 2014 warranty deed "is a forged document." Gonzales requested that the trial court "[c]ancel" the 2014 warranty deed.

In May 2023, Meek filed a plea in intervention. In the plea, Meek stated that DRM had filed for bankruptcy and transferred its property to the DRM Liquidation Trust in July 2018. Meek then purchased DRM's interest in the .44 acres at issue from the DRM Liquidation Trust, thereby making him the party of interest in the suit. Meek was permitted to intervene at trial without objection.

Gonzales and Meek testified at the bench trial. Gonzales testified that he never resold or reconveyed his property back to the Williamses. Gonzales reviewed the 2014 warranty deed purporting to convey the .44 acres back to the Williamses and testified that his signature was forged. Gonzales noted that the signature on the

2014 warranty deed was in print, but he signed his name in cursive. On cross-examination, Gonzales conceded that the 2014 warranty deed had the effect of conveying the .44 acres back to the Williamses and that the 2014 deed was notarized and filed in the Midland County Clerk's office in December 2014.

The trial court entered a judgment in favor of Meek, ordering that he owned the .44 acres in fee simple and that he was entitled to the quiet and peaceful possession of the property. The trial court also entered findings of fact and conclusions of law upon Meek's request. The trial court found that (1) the Williamses conveyed the .44 acres to Gonzales via warranty deed in June 2013; (2) Gonzales conveyed the .44 acres that had previously been conveyed to him back to the Williamses via warranty deed in November 2014, and the deed was recorded, accepted, and properly notarized; (3) while Gonzales denied executing the 2014 warranty deed, he acknowledged that it was signed and notarized; (4) Gonzales's denial was not credible; (5) the Williamses conveyed the .44 acres to DRM in 2015; and (6) Meek was the interested party after purchasing the .44 acres from DRM.

*Analysis*

Gonzales contends that the trial court erred in ruling that Meek owns the .44-acre tract because Gonzales's purported signature on the 2014 warranty deed was forged. "A forged deed is void *ab initio* and passes no title." *Duncan v. Hindy*, 590 S.W.3d 713, 724 (Tex. App.—Eastland 2019, pet. denied) (first citing *Morris v. Wells Fargo Bank, N.A.*, 334 S.W.3d 838, 843 (Tex. App.—Dallas 2011, no pet.); and then quoting *Commonwealth Land Title Ins. Co. v. Nelson*, 889 S.W.2d 312, 318 (Tex. App.—Houston [14th Dist.] 1994, writ denied) ("[W]hen a document is void or void *ab initio* it is as if it did not exist because it has no effect from the outset.")). Gonzales asserts that the trial court should have awarded him title to the .44 acres because of "the deeds, sequence of recordings and the fraud perpetrated against [him]."

In support of his proposition, Gonzales asserts that he "clearly testified that he did not reconvey the subject property to Stanley Williams; nor was the signature his," and that "the testimony of the forgery was not contested." We construe Gonzales's issue on appeal to be a challenge to the sufficiency of the evidence to support the trial court's finding that his signature was not forged on the 2014 deed.

"A trial court's findings of fact issued after a bench trial have the same weight, and are judged by the same appellate standards, as a jury verdict." *Tex. Outfitters Ltd., LLC v. Nicholson*, 572 S.W.3d 647, 653 (Tex. 2019). Under a legal sufficiency review, we consider all of the evidence in the light most favorable to the prevailing party, make every reasonable inference in that party's favor, and disregard contrary evidence unless a reasonable factfinder could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 807, 822, 827 (Tex. 2005). "When a party attacks the legal sufficiency of an adverse finding on an issue on which it bears the burden of proof, the judgment must be sustained unless the record conclusively establishes all vital facts in support of the issue." *Shields Ltd. P'Ship v. Bradberry*, 526 S.W.3d 471, 480 (Tex. 2017) (citing *Mo. Pac. R. Co. v. Limmer*, 299 S.W.3d 78, 84 n.30 (Tex. 2009); *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001) (per curiam)). In order to "conclusively establish" a contested fact, the evidence must leave "no room for ordinary minds to differ as to the conclusion to be drawn from it." *Triton Oil & Gas Corp. v. Marine Contractors & Supply, Inc.*, 644 S.W.2d 443, 446 (Tex. 1982). We cannot substitute our judgment for that of the factfinder if the evidence falls within the zone of reasonable disagreement. *City of Keller*, 168 S.W.3d at 822.

To successfully challenge the factual sufficiency of the evidence to support an adverse finding on an issue in which it bore the burden of proof at trial, a party must demonstrate that the finding is against the great weight and preponderance of the evidence. *Dow Chem.*, 46 S.W.3d at 242; *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex. 1986). It is the factfinder's role to evaluate the credibility of the

witnesses and reconcile any inconsistencies or conflicts in the evidence. *Golden Eagle Archery, Inc. v. Jackson*, 116 S.W.3d 757, 761 (Tex. 2003). Generally, the factfinder may believe or disregard all or any part of the testimony of any witness. *Id.* at 774–75. We will not substitute our opinions on credibility for those of the factfinder. *See Windrum v. Kareh*, 581 S.W.3d 761, 781 (Tex. 2019).

"A document is forged if it is signed by one who purports to act as another." *Vazquez v. Deutsche Bank Nat'l Tr. Co.*, 441 S.W.3d 783, 788 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (citing *Nobles v. Marcus*, 533 S.W.2d 923, 925–26 (Tex. 1976)). In his brief to this court, Gonzales accuses Stanley of committing fraud against him. However, Gonzales did not testify at trial that Stanley forged his signature. Instead, he simply testified that the signature on the 2014 warranty deed was not his.

The 2014 warranty deed included a certificate of acknowledgment stating that it was acknowledged before a notary public by Gonzales. "The law is settled that a certificate of acknowledgment is prima facie evidence that the grantor appeared before the notary and executed the deed in question for the purposes and consideration therein expressed." *Morris*, 334 S.W.3d at 843 (first citing *Bell v. Sharif-Munir-Davidson Dev. Corp.*, 738 S.W.2d 326, 330 (Tex. App.—Dallas 1987, writ denied); and then citing *Stout v. Oliveira*, 153 S.W.2d 590, 596 (Tex. App.—El Paso 1941, writ ref'd w.o.m.) (the burden of proof is on the party who denies the genuineness of the acknowledgment and instrument)). "Clear and unmistakable proof that either the grantor did not appear before the notary or that the notary practiced some fraud or imposition upon the grantor is necessary to overcome the validity of a certificate of acknowledgment." *Id.* (quoting *Bell*, 738 S.W.2d at 330).

Gonzales does not contend that the notary who signed the certificate of acknowledgment practiced some fraud or imposition upon him. He only contends that he did not sign the document, which would naturally mean that he also contends

that he did not appear before the notary to acknowledge the document. However, the trial court specifically found that Gonzales's denial was not credible and that Gonzales offered no credible explanation for the forgery or the falsity of the notarized signature. Further, "an unsubstantiated allegation that a signature is forged does not create a fact issue or constitute evidence that the signature was forged." *See Gutierrez v. Gutierrez*, 662 S.W.3d 573, 589 (Tex. App.—El Paso 2022, no pet.) (collecting cases). Accordingly, Gonzales did not conclusively establish that his signature on the 2014 warrant deed was forged, and the trial court's determination that Gonzales's claim of a forgery was not credible is not against the great weight and preponderance of the evidence. We overrule Gonzales's sole issue on appeal.

*This Court's Ruling*

We affirm the judgment of the trial court.


JOHN M. BAILEY
CHIEF JUSTICE


July 17, 2025

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.