### J. E. STONE, ET AL. v. MRS. A. P. McGREGOR.

#### No. 1426. Decided May 22, 1905.

**1.—Partition—Owelty—Lien—Judgment—Parties.**

Owelty of partition is a sum paid or secured, by him who has secured the larger portion to him who has the less, for the purpose of equalizing them; and a decree setting aside certain mortgaged property "with an owelty or lien to the amount of" the incumbrance conferred no rights as "owelty" on the lienholder, who was not a party to the suit; the recipients merely took the property subject to his lien. (P. 56.)

**2.—Same—Subrogation.**

The lienholder seeking foreclosure was not entitled to anything by subrogation to the rights of the debtor under a decree of partition with the heirs of his deceased wife, which had awarded to them the incumbered prop-

erty and to him other incumbered property, all in subjection to the various liens "as owelty." Such debtor's right, if he had been compelled to pay the debt so charged, would have been merely to an adjustment of all the matters between him and the heirs, and the holders of all the liens would have been necessary parties.    (P. 56.)

### 3.—Partition—Lien—Assumption of Debt.

A decree setting aside lands to parties in partition proceedings subject to existing liens created by another, did not have the effect of a personal assumption by them of the debt so secured; for this a promise by them, expressed or implied, was necessary.    (Pp. 56, 57.)

### 4.—Guardian—Note—Assumption and Renewal.

A guardian of minors had no authority, without order of court, to bind them by assuming payment of and renewing a note secured by lien on their property, but for which they were not before personally liable.    (P. 57.)

### 5.—Same—Power of Attorney.

A power of attorney given by a ward after coming of age and authorizing the guardian to continue to manage his estate in connection with that of the wards who were co-owners and still minors, and to execute notes, etc., that might be necessary thereto, did not confer authority for acts beyond what the guardian could properly do for the minors themselves, nor make the giver liable for the assumption of a debt as guardian which did not bind the minor wards.    (P. 57.)

### 6.—Limitation—Mortgage.

The right to foreclose a mortgage is lost where the note it secured is barred by limitation.    (P. 57.)

Error to the Court of Civil Appeals for the Third District, in an appeal from McLennan County.

Mrs. McGregor brought suit against Stone and others and recovered judgment. Defendants appealed, and on affirmance obtained writ of error.

*J. R. Downs* and *H. N. Atkinson*, for plaintiffs in error.—One who is not a party to a judgment or decree is not estopped thereby, and can claim no advantage thereunder. Freeman on Judgments, sec. 154; Vol. 24, Am. and Eng. Ency. of Law (2d ed., pages 730 and 731); Read v. Allen, 56 Texas, 193; Shipman v. Rollins, 98 N. Y., 311; Green v. Robertson, 70 S. W., 346.

Where property is transferred by conveyance, judgment or decree, and said transfer is made subject to a debt and no lien is established by said judgment or decree, a mere recital of said debt does not establish a lien on the property mentioned, and such recital can give no right of action in favor of one not a party to the partition suit.

The court erred in rendering a personal judgment against defendant, Fountain J. Stone, for the reason that there was no evidence authorizing such personal judgment, because the power of attorney from said Fountain J. Stone to John T. Battle, while it authorized him to execute notes, did not authorize the said Battle to renew any note, and said Battle's attempt to renew was not binding on the said Fountain J. Stone. The court erred in rendering judgment against said Fountain J. Stone for the further reason that the said Battle in attempting to renew the note sued on, did not undertake to act as agent of the said Fountain J. Stone, but simply renewed said note as guardian of the Stone minors, and the said Fountain J. Stone not being a minor, the

said act could not be binding on him." Mechem on Agency, sec. 393; Daniel on Negotiable Instruments, sec. 291; Ward v. Bank of Kentucky, 7 Monroe, 93; Frost v. Erath Cattle Co., 81 Texas, 509.

One who as agent executes a contract for his principal in one capacity, can not be shown to have acted in some other capacity when such was not the intention of any of the parties to the contract at the time it was made. Perry v. Booth, 7 Texas, 499; Jay v. Stein, 49 Ala., 514; Pollack v. Hooley, 67 Hun, 370.

Even if a decree or judgment could be sued on as a cause of action by one not a party thereto, yet the right to bring such suit would be barred by the statute of limitation of four years. Rev. Stat., art. 3358.

*S. H. Clayton,* for defendant in error.—An action seeking to enforce a decree or judgment is not within the Statute of Limitation of four years, but may be brought within ten years from its rendition. Root v. Moriarty, 39 Ind., 85; Rev. Stats., art. 3361. See Lafayette Co. v. Wonderly, 92 Fed., 315 (under Missouri Statute,) holding not necessary that execution may issue upon judgment sued on.

Owelty and the lien thereof is awarded in partition proceedings to equalize the respective allotments and when reserved in a decree as part of the consideration the same is equivalent to the reservation of a vendor's lien in a voluntary conveyance. Jameson v. Rixey, 64 Am. St. Reports, 726; Baltimore v. Trimble, 51 Md., 99; Freeman on Contenancy, 2d ed., sec. 507.

A suit to enforce or foreclose a lien of owelty is a suit to enforce a ·judgment and therefore may be brought at any time within ten years. Haynie v. McAnally, 27 S. W. 431; Richardson v. Harrison, 25 S. W. 438; Linton v. Potts, 5 Blackf. (Ind.), 396; Freeman on Cotenancy, 2d ed., sec. 507.

A decree in partition is nothing more than a purchase and sale of the respective interests to or from each of the parties.

The assumption of debt and mortgage upon land by the grantee or where the debt becomes part of the consideration and where the equity of redemption is not alone purchased, makes such grantee personally liable and he becomes the principal debtor and the grantor his surety to the mortgagee or creditor. Merchants Insurance Co. v. Story et al., 35 S. W. Rep. 68; Michigan Sav. Assn. v. Attebery, 42 S. W. 571; Beitel v. Dobbin, 44 S. W., 299, and cases cited; Bristol Sav. Bank v. Stiger, 53 N. W. Rep. (Iowa), 265; 3d Pomeroy Eq. Jur., p. 191, sec. 1206; Beach on Mod. Eq. Jur., secs. 455-466; Harris v. Masterson, 91 Texas, 176, holding land primary fund.

The creditor is entitled to be subrogated to all the securities held by the surety and may prosecute in his own name and for his own benefit the enforcement of the sureties remedies against the principal. Magill v. Brown, 50 S. W. Rep., 143; Smith v. Gillam, 80 Ala., 296; Long v. Miller, 93 N. Car., 227; 2, Brandt on Suretyship, sec. 324; 3, Pomeroy on Eq. Juris., secs. 1207, 1419; Colebrook on Collateral Securities, 2d ed., sec. 217; Sheldon on Subrogation, secs. 96, 97; Harris on Subrogation, secs. 136, 141.

Where a vendee of land assumes a debt, or the debt is part of the consideration passed for the land, such vendor has an implied lien

upon the same to provide for and to secure a fund for the payment of said debt by the vendee and the mortgagee is entitled to the benefit of this security and the same is collateral to whatever security he may already hold.

Although principal debt is barred by the statute of limitation yet collateral securities in hands of creditors may be enforced until they likewise become barred. Hudson v. Wilkinson, 61 Texas, 607; Goldfrank v. Young, 64 Texas, 432; Tombler v. Palestine Ice Co., 43 S. W. Rep., 897; Long v. Miller, 93 N. Car., 227; 19 Am. and Eng. Ency. of Law, 2d ed., 177, 178; 22 Am. and Eng. Ency. of Law, 2d ed., 896.

Where property is bought subject to mortgage or where debt is assumed original debt is revived and limitation commences to run from maturity of last or new obligation, and not from maturity of original contract. Park v. Prendergast, 23 S. W. 535; Beitel v. Dobbins, 44 S. W. Rep., 299; 2 Jones on Mortgages, sec. 1201, 4th ed. Citing: Schmucker v. Sibert, 18 Kans., 104; Palmer v. Butler, 36 Iowa, 576; Moore v. Clark, 40 N. J. Eq. 152; Harrington v. Slade, 22 Barb., 161; Root v. Moriarty, 39 Ind., 85; Hahl v. Ellwood, 79 S. W., 829; Howard v. Windom, 86 Texas, 567.

BROWN, Associate Justice.—Mrs. A. P. McGregor, suing as the surviving wife of G. C. McGregor deceased, instituted this suit in the District Court of McLennan County on the 29th day of August, 1903, against J. E. Stone, A. W. Wright, Fountain. J. Stone, Alonzo Stone, Ethel Swint (nee Stone) and her husband, D. F. Swint, Pearl Stone, and against John T. Battle as guardian of the said Pearl Stone. The object of the suit was to recover on a note dated February 5th, 1896, signed by J. E. Stone, payable to G. C. McGregor, due one year from date with ten percent interest, for the sum of $2,500, and to foreclose upon the real estate described in a deed of trust executed by J. E. Stone at the date of the note. The petition also sought to recover against Fountain J. Stone, Alonzo Stone, Ethel Swint and Pearl Stone the amount of said note on a written renewal of it by John T. Battle as guardian, also upon an alleged assumption of the note by the last named defendants, and upon the judgment of partition in the estate of Mrs. A. A. Stone with foreclosure of lien. The petition contains allegations that plaintiff was the owner of the land described and sought to recover possession, and, in the. alternative, for foreclosure of the lien claimed.

Defendants pleaded a general denial, the statute of limitations of two and four years, and, under oath, denied the authority of Battle, as guardian, to renew the note. The case was tried before the judge, who filed conclusions of fact from which we make this statement:

On February 15, 1896, J. E. Stone executed and delivered to G. C. McGregor a note for $2,500 with ten percent interest from date, to become due at twelve months from date, and, to secure the note, Stone made a deed of trust upon a lot of land in Waco described in the petition. John T. Battle was appointed guardian of the estate of Fountain J. Stone, Alonzo Stone, Ethel Stone and Pearl Stone, all of whom were minors at that time. Fountain J. Stone became of age February

11, 1899, Ethel Stone was married to D. T. Swint January 16, 1901, Pearl Stone was a minor at the institution of this suit.

On March 31, 1898, Battle, as guardian of the minors named, instituted suit against J. E. Stone for a partition of the estate of Mrs. A. A. Stone and a decree of partition was entered setting apart to the minors property fully described in the decree which embraced the property in controversy, and, after describing the property set apart to them, the decree contained the following statement: "And it is further ordered, adjudged and decreed the title to all of property described as Lot No. One be, and the same is hereby vested out of the other tenants in common, and is hereby vested in Fountain J. Stone, Alonzo Stone, Ethel Stone and Pearl Stone, which property so embraced and described as Lot No. 1 is charged however, with an owelty or lien to the amount of $38,750:00 of the debt aforesaid as follows, to wit: $2,500.00 due G. C. McGregor." G. C. McGregor was not a party to that suit. He died November 23, 1902, and his wife, Mrs. A. P. McGregor, is entitled to recover whatever right his estate has in the subject matter of this suit.

On the 23d day of January, 1901, a few days before the note would have been barred, John T. Battle, as guardian of Fountain J., Alonzo, Ethel and Pearl Stone, without any authority from the probate court, made the following endorsement on the note of J. E. Stone to McGregor, towit: "This note having been charged against the estate of Fountain J., Alonzo, Ethel and Pearl Stone, minors, and the property securing the same having been set apart to said minors in the partition of the Stone estate, I, John T. Battle, as guardian of the estate of said minors, hereby assume the payment of this note according to its legal tenor and effect, acknowledge its justness and promise to pay the same one year from this the 23d day of January, 1901." The trial court found that the said endorsement and renewal was necessary to the management of the said estate. Prior to the making of said endorsement by Battle, Fountain J. Stone, being then of age, executed and delivered to Battle a power of attorney by which he appointed said John T. Battle his attorney in fact, which was duly acknowledged and recorded, dated May 17, 1899, which power of attorney was in full force and effect at the time that Battle as attorney of Stone made the said renewal of the note, and stipulated, among other things, that it was the purpose of Fountain J. Stone in executing the same that as long as said Battle shall remain guardian of the said minor children, meaning Alonzo, Ethel and Pearl Stone, or any one of them, said Battle shall continue to manage and control the said Fountain J. Stone's interest in said estate in connection with the guardianship, aforesaid, and, to enable said Battle to so act for said Fountain J. Stone, he, among other things, authorized and empowered said John T. Battle to sign the name of said Fountain J. Stone to any notes, mortgages, deeds, conveyances, or other instrument of like kind that may be necessary in and about the the management of said F. J. Stone's interest. After Ethel Stone was married she and her husband advised with Battle with reference to the management of the property and desired him to represent them in a general way. Battle mentioned the indebtedness due to McGregor; no question was ever made by Ethel Stone or Fountain J. Stone as to any act done by Battle, and, whenever they wanted any information,

said Battle informed them of all acts done by him; nor was the renewal concealed from them by Battle.

The trial judge made this statement in connection with his findings of fact: "I further find that the said Fountain J. Stone, Alonzo Stone, Ethel Stone and Pearl Stone and John T. Battle as guardian, by virtue of the terms of said partition decree made a part hereof, became bound and assumed the payment of the note sued upon, and that said G. C. McGregor accepted them and their estate as his principal debtors, and that his rights or the rights of plaintiff were not barred by the statute of limitations at the time this suit was filed."

"Owelty of partition is a sum paid or secured, in the case of partition in unequal proportions, by him who has received the larger portion to him who has the less, for the purpose of equalizing the portions." Am. and Eng. Ency. Law, vol. 21, p. 1179, par. 4; Bouv. Law Dic.

Plaintiff's husband, G. C. McGregor, was not a party to the proceeding in which the decree of partition was entered between J. E. Stone and his children, therefore, the provision in the decree which charged the debt due to McGregor upon the property set apart to the minor children was not "owelty" as to McGregor. The effect of the decree was that the minors, Fountain J., Alonzo, Ethel and Pearl Stone took the property subject to the lien of the deed of trust from Stone to McGregor.

The contention that defendant in error is entitled to recover by subrogation to the rights of J. E. Stone is not sustained by the facts. Granting that J. E. Stone had a lien upon the property set apart to his children to secure him in case he should pay the debt due McGregor, that right did not pass to McGregor by the judgment and there is nothing to show that it was ever transferred to him by Stone, nor do the facts show that if Stone had paid this debt he would be entitled to enforce the lien upon the property. The decree awarded to Stone certain property charged with the payment of other debts for which all of the estate was liable to the same extent as for the McGregor debt and Stone could not have claimed to be reimbursed for the debt to McGregor if he had paid it, unless upon the adjustment of all the matters between him and the heirs concerning those matters he was entitled to that relief. Besides the other parties whose claims were given a lien upon the same property had the same right of subrogation as Mrs. McGregor, and were necessary parties to the suit in order to adjust their rights in the subject matter of this litigation. Subrogation was not shown.

It is claimed that the decree of partition operated as an assumption of the debt of McGregor by the minors and their guardian, John T. Battle. The statement of the trial court to that effect is a mere conclusion of law from the facts recited and is not justified thereby. To assume the debt of another requires the consent of the party by a promise either express or implied to pay it, and, it would not be contended, we presume, that the decree of the court could operate as a promise made or that a promise could be implied therefrom to pay the debt of McGregor on the part of the minors, because the effect of the judgment was not to impose a personal liability on the minor to pay the note but charged their property with its payment. Freeman on Co-ten. and Part., sec. 507; Waring v. Wadsworth, 80 N. C., 346. The assumption of the

debt would be a personal liability by those who entered into a contract to pay it, which is inconsistent with the character of obligation imposed by a judgment of the court.

We think it clear that Mrs. McGregor had no right of action upon the decree of partition, and we now come to inquire whether she has a right to recover against any of the plaintiffs in error upon the note and to foreclose the deed of trust upon the land described therein.

The endorsement made by John T. Battle as guardian for the minors, and F. J. Stone, whereby Battle attempted to renew the note and to assume the payment of it, was not binding upon any of the parties, unless it can be held to bind F. J. Stone as an act authorized by the power of attorney he gave to Battle. The endorsement made by Battle upon the note shows upon its face that he acted as guardian of all the parties including F. J. Stone and Mrs. Swint, and, his testimony, which is undisputed, is to the effect that he acted only as guardian. It is apparent from the terms of the power of attorney and the surrounding facts that the purpose of F. J. Stone in executing the power of attorney was to enable Battle as guardian of the minors to manage and control their portion of the estate together with his for the benefit of all. By the terms of the power of attorney authority is given to Battle to act for F. J. Stone in connection with his action as guardian of the minors and for the purpose of making his management as guardian complete and perfect. We think that it follows that the agency thus created by F. J. Stone extended no further than did the power of Battle as guardian of the minors and that his authority to act was limited to such acts as he might be authorized to perform as guardian and no other. If under the same circumstances with the same recital of facts that power of attorney had been given to another person he could not independently of Battle as guardian have assumed that note as F. J. Stone's agent; how then could Battle act under the power for F. J. Stone alone? As Battle had no authority to renew the note for his wards, neither had he authority to renew it for F. J. Stone, for it would be a most unjust construction to place upon the terms of this power of attorney under all the circumstances to say that failing to bind his wards, Battle, nevertheless, bound F. J. Stone for the full amount of the debt.

Mrs. McGregor's cause of action was against J. E. Stone upon the note to recover of him the debt and against the other defendants to foreclose the lien of the deed of trust upon the land described in it. J. E. Stone pleaded the statute of limitation of four years as did the others, except Pearl Stone. There can be no question that the note was barred by the statute of limitation of four years, more than that period of time having elapsed between the time the note matured and the death of McGregor, so that nothing occurred to suspend the statute of limitation and prevent its full operation. There being no right of recovery on the note, there can be no foreclosure of the lien upon the property.

The trial court erred in entering judgment against the plaintiffs in error and the Court of Civil Appeals erred in affirming that judgment for which the judgment must be reversed and this court will proceed to enter judgment in favor of the plaintiffs in error; that Mrs. A. P. McGregor take nothing by this suit and that the plaintiffs in error J. E. Stone, F. J. Stone, Ethel Swint, Alonzo Stone, Pearl Stone and

John T. Battle as guardian of Pearl Stone go hence without day and recover of Mrs. McGregor all costs of suit.

*Reversed and rendered.*