Kathryn Diane SVACINA and Paul Svacina, Appellants

v.

William J. GARDNER, Appellee.

No. 06–95–00030–CV.

Court of Appeals of Texas, Texarkana.

Submitted July 24, 1995.

Decided Aug. 31, 1995.

Larry Z. Sechrist, Kilgore, for appellants.

Marshal K. Bennett, Longview, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

CORNELIUS, Chief Justice.

William J. Gardner sued Kathryn Diane Svacina and Paul Svacina to foreclose an owelty lien created in a 1985 divorce decree. The trial court rendered summary judgment for Gardner. The Svacinas appeal, contending that Gardner's summary judgment evidence was legally insufficient. We affirm the judgment.

Kathryn Diane Brown, now Svacina, and her then husband, Ronald Brown, executed a property settlement agreement in their divorce action. The court approved the agreement and incorporated it into the divorce decree. The agreement awarded to Kathryn Svacina out of the community estate and as her sole and separate property the Brown Farm and two tracts in Gregg County comprising thirty-five acres. The agreement also established a $17,000.00 owelty lien on the property in favor of Ronald Brown and against Kathryn Svacina. Ronald Brown assigned the lien to Gardner. Gardner sued to foreclose the lien. The Svacinas filed a handwritten answer pro se in which they alleged that Gardner was not entitled to judgment. Gardner moved for summary judgment. His summary judgment proof consisted of (1) the divorce decree and accompanying agreement; (2) Ronald Brown's assignment to Gardner; (3) Gardner's affidavit that no payment had been made on the lien; (4) Ronald Brown's affidavit that no payment had been made; and (5) the affidavit of Gardner's counsel in support of Gardner's request for legal fees. The Svacinas did not respond to the summary judgment motion. The trial court granted Gardner's motion and rendered summary judgment for Gardner for $17,000.00, with interest, for a total sum of $32,812.60 as of December 20, and $12,843.75 in attorneys fees, with ten percent interest.

■ The movant for a summary judgment has the burden of showing that no genuine issue of material fact exists and that he is entitled to judgment as a matter of law. In deciding whether a disputed material fact issue precludes summary judgment, a reviewing court takes as true all evidence favorable to the nonmovant. The reviewing court must indulge every reasonable inference and resolve all doubts in the nonmovant's favor. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). A reviewing court cannot consider as grounds for reversal issues not expressly presented to the trial court by written motion, answer, or other response to the summary judgment motion. *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 676 (Tex.1979). While a court cannot grant a summary judgment motion by default, the nonmovant who does not file a response may argue on appeal only that the motion was legally insufficient. *Id.* at 678. Where a party does not controvert facts set out in a summary judgment motion, a reviewing court will accept these facts as true for the purposes of appeal. *See Railroad Comm'n of Texas v. Sample,* 405 S.W.2d 338, 339 (Tex. 1966).

■ The Svacinas argue that Gardner's original petition contains no allegations to support divesting Paul Svacina of his homestead rights in the Brown Farm, and therefore the motion for summary judgment is legally insufficient. They also argue that the agreement incident to divorce is void on its face because it contains the following provision:

> This agreement shall take effect when it is approved by the Court and a divorce between the parties is granted. This agreement shall be void, however, if a divorce is not granted within _____ days after the date of its execution or if the Court does not approve it as it is now written or as it may be amended by written consent of the parties.

They argue that the blank creates a fact issue as to whether the agreement is void and that Gardner should have negated that fact issue by summary judgment evidence. They contend that Gardner presented no evidence that the agreement is not void and that this court must resolve the inference in their favor.

They also argue that the agreement and the decree are silent as to interest and that the decree specifically says all relief not expressly granted is denied. The decree also is silent as to maturity date for the lien, and they contend that this creates a fact issue Gardner must negate.

They further argue that the decree is silent as to Kathryn Svacina's personal liability on the lien and that the evidence fails to show that Gardner is the owner and holder of the claim.

The Svacinas filed no response, so we accept as true the facts set out in Gardner's summary judgment proof.

■ A plea of homestead is an affirmative defense. *Bennett v. State Nat'l Bank, Odessa, Texas,* 623 S.W.2d 719, 721 (Tex.Civ. App.—Houston [1st Dist.] 1981, writ ref'd n.r.e.). The Svacinas did not raise the defense of homestead in a summary judgment response, so we cannot consider it. *City of Houston v. Clear Creek Basin Auth., supra.*

The blank space in the property settlement agreement did not make it void. The express language of the agreement says that it takes effect when the court approves it and when the court grants the divorce. The court did both on August 26, 1985. Leaving the time limit blank simply indicated that there was no time limit within which the divorce must be granted.

■ Interest awarded is authorized not by the agreement but by statute, regardless of whether the judgment granting the judgment and lien specifically awards interest. Tex.Rev.Civ.Stat.Ann. art. 5069–1.05 (Vernon Supp.1995); *El Universal, Compania Periodistica Nacional v. Phoenician Imports, Inc.,* 802 S.W.2d 799, 804 (Tex.App.— Corpus Christi 1990, writ denied). Failure to provide a time for payment was not fatal to the debt. When a date of payment is not specified, the obligation is payable on demand. Tex.Bus. & Com.Code Ann. § 3.108 (Vernon 1994); *Ada Oil Co. v. Logan,* 447

S.W.2d 205 (Tex.Civ.App.—Houston [14th Dist.] 1969, no writ).

As for Kathryn Svacina's argument that she has no personal liability on the debt, the agreement says that the parties agree "that there is an owelty lien created upon the property in favor of Ronald Brown and against Kathryn Diane Brown in the amount of $17,000.00." Moreover, it provides that the wife's liabilities include:

1. All taxes or other indebtedness of whatever kind or character now attributable to the "Brown Farm" and awarded to her as "Tracts A and F" in Schedule 1 above.

Thus, Kathryn Svacina's personal liabilities include the $17,000.00 debt secured by the lien.

■ A lien is neither property nor debt, but is the right to have satisfaction out of property to secure the payment of a debt. A lien therefore is not subject to assignment without the debt. *Texas Bank & Trust Co. of Dallas v. Custom Leasing, Inc.,* 402 S.W.2d 926, 930 (Tex.Civ.App.—Amarillo 1966, no writ).

The agreement and decree created a lien on the Brown Farm in favor of Ronald Brown for the debt Kathryn Svacina owed him for paying her attorney's fees. Ronald Brown assigned to Gardner his owelty lien and his $17,000.00 claim in the judgment. By the express terms of the judgment and the property settlement agreement, Kathryn Svacina is personally liable for the debt.

In the case the Svacinas cite, *Stone v. McGregor,* 99 Tex. 51, 87 S.W. 334 (1905), some property burdened with an owelty lien was partitioned. The father was personally liable on the debt evidenced by the lien. The court held that the partition decree awarding the property to some minor children and their guardian did not charge the children and the guardian personally with the debt, but rather charged the property received. Here, Kathryn Svacina personally assumed the debt in the agreement and would be liable to Ronald Brown had he not assigned the debt and lien to Gardner.

As for Gardner being the "owner and holder" of the lien and debt, the case cited by the

Svacinas, *Alexander v. Houston Oil Field Material Co.,* 386 S.W.2d 540, 543 (Tex.Civ. App.—Tyler 1965, writ ref'd n.r.e.), refers to a debt evidenced by a note not, as here, by a property settlement agreement. Gardner's summary judgment evidence proved that the debt and lien had been awarded to Ronald Brown in the judgment and they were then assigned by Brown to Gardner.

The Svacinas have not shown that the summary judgment motion was legally insufficient. The court therefore properly rendered summary judgment.

For the reasons stated, the judgment is affirmed.